IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY LOWERY,
       Petitioner,

vs.                              Case No. 5:05cv180/RS/MD

JOSE BARRON,
       Respondent.

_____

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). Respondent has filed an answer (doc. 9). Although petitioner was given an opportunity to reply (*see* docs. 15 & 17), he declined to do so. From a review of the record and the arguments presented, it is the opinion of the undersigned that the court is without jurisdiction to consider the petition because petitioner has failed to exhaust his administrative remedies. Therefore, the petition should be dismissed.

## BACKGROUND

Petitioner is a federal prisoner who was initially sentenced on March 31, 1993 in the United States District Court for the Western District of North Carolina, Case Number 3:92cr222, to a thirty-six month sentence for violating 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute in Excess of 5 Grams of Cocaine Base). (Doc. 1, App. 1; Doc. 9, Attach. 1, pp. 8-9). He was released from that sentence on August 30, 1996 via Good Conduct Time ("GCT"), with four years of supervised release to follow. (Doc. 9, Attach. 1, pp. 8-9).

On June 6, 1999 petitioner was sentenced in the Western District of North Carolina in Case Number 3:98cr250, to a ninety month sentence for violating 21

U.S.C. § 841(a)(1) (Possession with Intent to Distribute Cocaine Base).  (Doc. 1, App. 2; Doc. 9, Attach. 1, pp. 3 & 4).  As a result of that conviction, petitioner's supervised release from Case Number 3:92cr222 was violated, and petitioner was sentenced to a twenty-four month sentence to be served consecutive to the sentence imposed in Case Number 3:98cr250.  (Doc. 1, App. 6, p. 1; Doc. 9, Attach. 1, pp. 5 & 6).  The total term in effect from these two sentences converted to 7 years and 6 months.  Petitioner is currently incarcerated at FCI-Marianna, and is scheduled for release via GCT on May 3, 2007.  (Doc. 9, Attach. 1, pp. 5-7).[1]

In this habeas proceeding, petitioner challenges the determination by the Bureau of Prisons ("BOP") that he is ineligible for the one-year sentence reduction provided at 18 U.S.C. § 3621(e)(2)(B).  Specifically, petitioner states he was initially advised on November 11, 2004 by Residential Drug Abuse Specialist David Christensen that he was eligible for early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).  (Doc. 1, App. 6, p. 1).  Petitioner began a Residential Drug Abuse Program ("RDAP") on July 6, 2005.  (*Id.*).  However, on July 17, 2005 his case was reviewed under the December 2000 final version of 28 C.F.R. § 550.58 by another Residential Drug Abuse Specialist, Gary Poole, who determined that petitioner was ineligible for early release because of a two-point enhancement in his criminal case pursuant to U.S.S.G. 2D1.1.  (Doc. 1, p. 3; App. 6, p. 3).  Petitioner contends that this action violated the *Ex Post Facto* Clause because his convictions occurred prior to the implementation of § 550.58 in December 2000.  He further contends the action was arbitrary and capricious.  (Doc. 1, pp. 3-4 ¶¶ 7(a)-(b)).

## DISCUSSION

Respondent argues that the court does not have jurisdiction over the petition because petitioner has not exhausted his administrative remedies.  It is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241.  *Skinner v. Wiley*, 355 F.3d

---

[1]Hereafter, all references to exhibits will be to those attached to Doc. 9, unless otherwise noted.

1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (addressing § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same). This requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *see also Jaimes v. United States*, No. 05-14514, 2006 WL 387440 at *2 (11th Cir. Feb. 21, 2006) ("[W]here a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional.") (unpublished opinion); *Hicks v. Jordan*, No. 05-14349, 2006 WL 263831 at *1 (11th Cir. Feb. 2, 2006) (unpublished opinion) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (remanding action filed pursuant to 18 U.S.C. § 3568 for credit against prisoner's sentence for time spent in custody, and directing district court to dismiss for lack of jurisdiction due to prisoner's failure to exhaust administrative remedies).

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, a prisoner must seek resolution of his issue through an informal grievance. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). If still dissatisfied, an appeal may be taken to the Regional Director. *Id.* at § 542.15. The inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. An inmate is required to exhaust

administrative remedies before seeking habeas relief, rather than doing so while a petition is pending.  *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

In the instant case, the record demonstrates that prior to filing the instant § 2241 petition on August 23, 2005, the only step petitioner took to exhaust his administrative remedies was to obtain the form for informally presenting his complaint to staff.  (Doc. 1, App. 5; Doc. 9, Attach. 2, p. 2).  Before petitioner even completed that form, he commenced this habeas proceeding.[2] In his memorandum filed in support of his petition, petitioner urges the court to waive the exhaustion requirement, arguing that he anticipated graduating from RDAP in April of 2006, and believed it unlikely that his claims would be decided administratively and reviewed judicially prior to his projected release date had he been granted early release.

Respondent filed his answer on November 17, 2005.  He attached the declaration of Dan Rouse, a Paralegal Specialist for the BOP, who states he is familiar with the records compiled by the BOP and has access thereto.  Mr. Rouse states that review of BOP administrative remedy records indicates that <u>after</u> petitioner filed the instant petition on August 23, 2005, he filed a formal complaint with the Warden, which was denied on October 14, 2005.  (Doc. 9, p. 4 and Attach. 4).  Petitioner did not file any further requests for administrative remedies on the issue presented here.  Respondent has provided copies of petitioner's informal and formal grievances.  (Doc. 9, Attach. 3).

In light of Eleventh Circuit precedent that the exhaustion requirement in § 2241 cases such as petitioner's is jurisdictional, whether he may even assert an irreparable injury or futility exception to the exhaustion requirement is questionable.[3]

---

[2]The informal resolution form indicates that it was issued to petitioner on August 22, 2005. (Doc. 1, App. 5; Doc. 9, Attach. 2, p. 2). Petitioner signed the instant petition on August 23, 2005. The petition was stamped "Filed" in this court on August 26, 2005.

[3]As the Eleventh Circuit noted in *Jaimes v. United States, supra*:

> *Lucas* concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C § 3568. *See* 898 F.2d at 1554-56. We have reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts." *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment*

**Assuming, without deciding, that petitioner may argue these exceptions, his arguments prove unavailing.**

**Petitioner asserts that it would have taken at least 160 days after the completion of informal resolution to fully exhaust the grievance process.[4] Given his anticipated graduation from RDAP in April of 2006, he believed it "unlikely" that he could have completed administrative exhaustion and obtained habeas review of his claims prior to that date. Although petitioner is correct as to the time frames provided by the administrative grievance process,** *see* **28 C.F.R. §§ 542.14, 542.15 and 542.18, his argument is not persuasive. The urgency of petitioner's claim is not grounds to "vitiate the requirement that he exhaust his administrative remedies."** *Gonzalez v. Perrill*, **919 F.2d 1, 2 (2nd Cir. 1990),** *overruled on other grounds*, *United States v. Edwards*, **960 F.2d 278 (2nd Cir. 1992) ("In determining whether exhaustion is necessary, we cannot** *assume* **that appellant's claim is meritorious.") (emphasis in original). Thus, the mere fact that petitioner's release date (had he been found eligible for early release) could arrive before administrative relief is insufficient to excuse his failure to exhaust his administrative remedies. Furthermore, the petitioner in this case received notice on July 17, 2005 that he was ineligible for early release. (Doc. 1, Mem. at 3 and App. 4). He was not scheduled to graduate until April**

---

*vacated on other grounds*, 526 U.S. 1142, 119 S.Ct. 2016, 143 L.Ed.2d 1029 (1999). Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." *Id.*; *cf. Gallo Cattle Co. v. United States Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). *But see Rodriguez*, 60 F.3d -745,] 747 [(11th Cir. 1995)] (declining to address exhaustion in § 2241 context where Government did not raise issue of petitioner's failure to exhaust).

*Jaimes*, 2006 WL 387440 at *2.

[4]Specifically, petitioner contends that after completion of informal resolution, he would have had 20 days to file a formal complaint with the Warden, who would have had 20 days to respond. Petitioner would then have had 20 days to appeal to the Regional Director, who would have had 30 days to respond. If still dissatisfied petitioner would have had 30 days to file an appeal with the General Counsel, who would have had 40 days to respond. (Doc. 1, Mem. at p. 3).

of 2006, and his projected release date is currently May 3, 2007. Thus, there was sufficient time for petitioner to pursue his administrative remedies.

To the extent petitioner implies that exhaustion was futile because he believes the BOP was unlikely to change its mind with respect to his early release eligibility, such argument also must fail. Petitioner's belief, alone, does not persuade this court that full use of the administrate remedies available to him would have been futile. *Cf. Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) ("[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." (citing *Alexander v. Hawk,* 159 F.3d 1321, 1323 (11th Cir. 1998)); *Alexander v. Hawk,* 159 F.3d at 1327 (describing, in the context of the Prison Litigation Reform Act, numerous policy reasons favoring exhaustion).[5] Compliance with BOP administrative remedy procedures helps to ensure that inmates will have issues related to their incarceration formally reviewed by high-level BOP officials, and that policies are correctly applied and interpreted by staff. *See* www.bop.gov/DataSource/execute/dsPolicyLoc, Program Statement 1330.13, Administrative Remedy Program, ¶¶ 2.a and 2.d. (Aug. 13, 2002) (as amended); *cf. Von Hoffburg v. Alexander,* 615 F.2d 633, 639 (5th Cir. 1980) (explaining that if the outcome of administrative proceedings is adverse to the plaintiff, "the court will at least have a definitive interpretation of the regulation and an explication

---

[5]The court in *Alexander* noted the following seven policy reasons favoring exhaustion:

(1)   to avoid premature interruption of the administrative process;
(2)   to let the agency develop the necessary factual background upon which decisions should be based;
(3)   to permit the agency to exercise its discretion or apply its expertise;
(4)   to improve the efficiency of the administrative process;
(5)   to conserve scarce judicial resources;
(6)   to give the agency a chance to discover and correct its own errors; and
(7)   to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

Case No: 5:05cv180/RS/MD

of the relevant facts from the highest administrative body" in an entity's internal appellate system).[6]  These sound principles certainly are applicable to this case.

Based on the foregoing, the instant petition must be dismissed for lack of jurisdiction.  *See, e.g.*, *Braxton v. Bauknecht*, Case Number 3:05cv126/MCR/MD (dismissing for lack of jurisdiction § 2241 petition challenging BOP's interpretation of 18 U.S.C. § 3624(b), where petitioner failed to exhaust administrative remedies); *Levitan v. Bauknecht*, Case Number 3:04cv403/MCR/MD (same).

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED without prejudice to afford petitioner an opportunity to exhaust his administrative remedies in accordance with BOP procedures.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of May, 2006

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[6]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.